**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4157
_____

XIU YUN LIU,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A099-927-474)
Immigration Judge:  Honorable Frederic G. Leeds

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 22, 2010

Before: BARRY, GREENAWAY, JR., and STAPLETON, Circuit Judges

(Opinion filed October 5, 2010 )
_____

OPINION
_____

PER CURIAM

        Xiu Yun Liu petitions for review of a decision of the Board of Immigration Appeals

(BIA).  For the reasons below, we will grant the petition for review and remand for further

proceedings.

Liu, a native of China, entered the United States in June 2001. In January 2007, she was charged as removable as an alien without a valid entry document at the time of entry. Liu conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). She argued that she would be persecuted under the family planning policy if returned to China because she had given birth to two children in the United States.[1] The Immigration Judge (IJ) denied relief. The IJ concluded that the evidence did not establish that an individual with children born in the United States would be sterilized or forcibly aborted if returned to China. On appeal, the BIA agreed. It concluded that Liu's documentation was mostly general and cumulative of evidence that had been discussed in its published opinions. It concluded that Liu had not shown that forcible sterilization, torture, or other persecution would be imposed after the birth of a second or third child in the United States. Liu filed a timely petition for review.

We have jurisdiction pursuant to 8 U.S.C. § 1252. To establish eligibility for asylum, Liu needed to demonstrate either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See Wang v. Gonzales, 405 F.3d 134, 138 (3d Cir. 2005). To establish eligibility for withholding of removal, she needed to demonstrate that it was more likely than not that her life or freedom would be threatened in China on account of the family planning policy. Tarrawally v. Ashcroft, 338 F.3d 180, 186 (3d Cir. 2003); 8 U.S.C. § 1231(b)(3)(A). To be eligible for withholding of removal under the Convention Against Torture, she needed to demonstrate that it is more likely than not that she would be tortured if removed to China. 8 C.F.R. § 1208.16(c)(2).

---

[1] Liu was pregnant with her third child during her asylum proceedings.

2

We review the BIA's factual determinations under the substantial evidence standard. <u>Dia v. Ashcroft</u>, 353 F.3d 228, 249 (3d Cir. 2003) (en banc). The BIA's findings are considered conclusive unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We exercise <u>de</u> <u>novo</u> review over the BIA's legal decisions. <u>Toussaint v. Attorney General</u>, 455 F.3d 409, 413 (3d Cir. 2006).

Liu tendered a voluminous record in support of her claim that her fear of future persecution was objectively reasonable. As the BIA observed, much of it had been considered in prior cases involving other similarly situated Chinese citizens. The record, however, includes evidence pertinent to the current situation in China and Liu's specific circumstances which had not previously been considered by the BIA. Without further explanation by the BIA of its view of this evidence, we find ourselves unable to perform our assigned responsibility of review.

Liu submitted affidavits of a friend and the wife of a cousin to establish that the family planning policy which would be applied to her on her return requires coercive sterilization following the birth of a second child without official permission. The friend, Yue He, reported, "I was forced to be sterilized at Family Planning Service Station of Chang Le on January 5, 2007" after giving birth to her second daughter. App. at 1436. The cousin's wife, Xiao Liang, reported, "about one month after gave birth to the second child, . . . I was taken to Chang Le Family Planning Service Station for forced sterilization. The mental and physical pain was indescribable by language." App. at 1460.

In a footnote, the BIA dismissed this evidence for two reasons: (1) it "does not demonstrate whether physical coercion was applied to achieve the women's compliance with China's family planning goals," and (2) "these women do not claim to live in Fu Qui Village" and it is thus "unclear whether the respondent would be subjected to similar measures." App. at

3

10. Both women asserted that their sterilizations were forced. We believe that any reasonable adjudicator viewing this evidence would be compelled to conclude that the women were indicating that physical coercion was used to achieve their compliance with the sterilizations. Moreover, in the absence of further evidence and explanation, we fail to understand why the Board would expect Liu to be subjected to a different family planning regime given that all three women are from Chang Le City which is where the sterilizations occurred.[2] Citing In re J-H-S-, 24 I. & N. Dec. 196, 198 (BIA 2007), the BIA stated that an applicant must show that the policy in her "local province, municipality, or other locally-defined area" would lead to a well-founded fear of persecution. Here, the BIA considered Liu's village as the geographic area relevant to her claim. However, in J-H-S-, the BIA looked at practices in the Fu Jian Province which is a much larger area than a single village.

In support of her position that she reasonably feared coerced sterilization despite the fact that her children were born in the United States, Liu tendered a number of additional documents. One is an affidavit of Liu's mother-in-law which reads as follows:

> I am LIN LING Jin, female, born on May 4, 1950. Now giving the true statement regarding to the regulations of family planning policy in China.
>
> LIU Xiu Yun is my daughter-in-law and I am her mother-in-law. I inquired the comrade who in charge in the family planning bureau about my daughter-in-law LIU Xiu Yun gave birth to two children in the US and if the sterilization operation will be performed if she returns to China. According to what they said, every citizen of People's Republic of China has the obligation for family planning. My daughter-in-law will not be an exception. Having two children in the US and returning to China, sterilization operation must be

---

[2] According to their ID cards, the friend lives in Long Jin Village, Hang Chen Town, Chang Le City, Fu Jian Province, App. at 1432, and the cousin's wife lives in Xia Zhou Village, Hang Chen Town, Chang Le City, Fu Jian Province. App. at 1467. Liu is originally from Dong An Village, Hang Chen Town, Chang Le City, Fu Jian Province, but testified that she would live with her mother-in-law in Fu Qui Village, Ho Yu Town, Chang Le City if returned to China. App. at 140.

performed and social foster fee will be collected. All above are all true. I asked them to issue a certificate to me. They told me to go to local villager committee for the certificate. Now, this certificate is attached.

Affiant: LIN Ling Jin
2007.9.20

App. at 285. The "certificate" purports to be a statement of the "Current Family Regulation of FuQi Village from the Villager Committee. It states:

> A Chinese couple if give birth to a boy, must have IUD inserted and not allow to have a second child. If give birth to a girl, four years later, allow to have a second child. It doesn't matter the second child is a boy or a girl, must accept the sterilization operation.

> Forbidden for early-birth and over-birth. Must obtain the birth permit for second child as regulation states, otherwise, will be considered as violation of the family planning policy and must be punished as the regulation states. All above is the basic current family planning policy of FuQi Village. *As long as a villager of FuQi Village, no matter where you are, must obey the regulation. Otherwise, must be punished as the regulation states if return to FuQi Village.*

App. at 293 (emphasis supplied). A similar statement of Liu's mother and accompanying "certificate" were also filed. The only difference is that Liu's mother lives in Dong An Village.

Similar follow-up inquiries of local authorities by Liu's mother and mother-in-law in December of 2007 produced the same advice: "any Chinese citizen must follow the Chinese family planning policy; sterilization must be performed after giving birth to two children." App. at 270. "This is a national policy, every citizen shall carry out." App. at 277. This time, however, the authorities declined to provide a written "certificate" reflecting their advice.

When the BIA addressed whether Liu had carried her burden of showing that her fear was objectively reasonable, it began by noting that "while aliens who have had multiple children in this country may qualify as a refugee, this determination must be made on a case by case basis" and each "individual applicant must establish that the family planning policies in her

5

'local province, municipality, or other locally-defined area . . . would give rise to a well-founded fear of persecution.'" App. at 9. The Board then concluded:

> The respondent's documentation is largely general in nature and cumulative of evidence analyzed in the aforementioned opinions. While the respondent did present some information regarding the implementation of China's policies in FuQui Village, the town to which she plans to return, this evidence does not establish a reasonable chance that forcible sterilization, torture, or other persecutory measures will be imposed in FuQui Village after the birth of a second or third United States citizen child. *See, e.g.*, Exh. 24 (stating that all villagers who have a second child must be sterilized, but failing to describe the enforcement methods used); *see also* Tr. at 60 (testifying that, if deported, the respondent and her family would return to her mother-in-law's home in FuQui Village); *see generally* Tr. at 50, 60 (conceding that she does not know anyone who was sterilized after returning to China with United States-born children). Accordingly, the respondent has failed to establish her eligibility for asylum."

App. at 10; footnote omitted. While the BIA references in a footnote the statements of Liu's mother and mother-in-law as examples of "various supporting letters" presented by Liu, it neither describes the contents thereof nor comments thereon. *Id*.

"We acknowledge that our standard of review is extraordinarily deferential to the BIA, and nothing in the [Immigration and Nationality Act (INA)] specifically requires the Board to explain its decisions. But the availability of judicial review (which is specifically provided in the INA) necessarily contemplates *something* for us to review." Abdulai v. Ashcroft, 239 F.3d 542, 555 (3d Cir. 2001). See also Huang v. Att'y Gen., No. 09-2437, – F.3d –, 2010 WL 3489543, *12 (3d Cir. September 8, 2010) ("The BIA must provide sufficient analysis to demonstrate that it has truly performed a full review of the record, including the evidence that may support the alien's asylum claim."). Here, the BIA has not told us why it believes the evidence we have reviewed above "does not establish a reasonable chance that forcible sterilization . . . will be imposed in FuQui Village after the birth of a second or third United States citizen child." App. at 10. While it is true that Liu conceded that she did not personally

know anyone who was sterilized after returning to China with United States born children, we are reluctant to conclude that the Board regarded this as sufficient alone to rebut Liu's evidence. Yet we find ourselves unable to determine from the BIA's opinion what other ground it has for its stated conclusion.

Because the BIA's failure of explanation makes it impossible for us to review its rationale, we will grant Liu's petition for review, vacate the Board's order, and remand this matter for further proceedings consistent with this opinion.